# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

NATHAN M. MOQUIN,                    *

Plaintiff                            *

v.                                   *          Civil Action No. ELH-18-1107

STEPHEN WISE,                        *

Defendant                            *
                                   ***

## MEMORANDUM

On April 16, 2018, the Court received a civil rights action filed by Nathan Moquin, the self represented plaintiff, alleging that Defendant Stephen Wise, formerly a correctional officer at Eastern Correctional Institution ("ECI"), violated Plaintiff's rights by instructing inmates to stab Plaintiff in retaliation for Plaintiff filing a Prison Rape Elimination Act complaint against him. ECF 1-2. Plaintiff notes that Wise is a criminal defendant in an open criminal action in this Court, arising out of a racketeering enterprise at ECI. *See United States v. Wise*, Crim. No. JKB-16-484-09 (D. Md.); *see also* ECF 1 at 3; ECF 1-3 at 1 (letter from Department of Justice informing Plaintiff of criminal proceedings and informing Plaintiff that he has been identified as a victim of the crimes).

The Court takes judicial notice that Wise has entered into a signed plea agreement that includes an attached Statement of Facts.[1] The Statement of Facts states, in part:

> 9. On July 31, 2016, while the Defendant was assigned to Housing Unit 2, the Defendant aided and abetted and induced co-defendant Shawn Sullivan, who was a leader of the Dead Man Incorporated (DMI) prison gang at ECI, and for whom

---

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, Wise's plea agreement (ECF 358, JKB-16-484) is part of the record in the criminal case. *See* JKB-16-484, ECF 358; ECF 502 at 8.

the Defendant smuggled contraband into ECI in exchange for bribes, to assault N.M., an inmate who filed a Prison Rape Elimination Act (PREA) complaint against the Defendant that caused the Defendant to be removed from Housing Unit 2. . . . At the time the Defendant was removed from Housing Unit 2 he was smuggling contraband into the unit for, among other inmates, Shawn Sullivan, a leader of the DMI prison gang. Further, at the time he was removed from Housing Unit 2, the Defendant had been given approximately $1500 by Shawn Sullivan for contraband that he had not yet brought into the unit for Sullivan. After he was moved out of the Housing Unit, the Defendant told multiple inmates, including Shawn Sullivan, that N.M. had to be taken out of Housing Unit 2 before the Defendant could be reassigned back to the Housing Unit. As the Defendant knew, if an inmate is physically assaulted he is removed from a housing unit for their [sic] own safety. As the Defendant also knew inmates are not able to effect the transfer of an inmate out of a particular housing unit in any way short of assaulting them. On July 31, 2012, N.M. was assaulted, including being stabbed by several inmates who were members of the Cripps prison gang and who had been paid $500 to do so by Shawn Sullivan.

10. On or about July 31, 2016, the defendant *acted under color of law*. On that date, the *Defendant deprived N.M., or caused N.M. to be deprived, of his right which is secured and protected by the Constitution and laws of the United States to be free of cruel and unusual punishment*. The defendant acted willfully. The Defendant's conduct resulted in bodily injury to N.M.

JKB-16-484, ECF 358 at 11-12 (emphasis added). This statement aligns with the facts of Plaintiff's Complaint in the instant case.

Given this unusual circumstances surrounding this case, Plaintiff may benefit from assistance of counsel. Although Plaintiff has the right to proceed pro se, the Court will allow Plaintiff 21 days to file a motion with the Court for appointment of counsel in this case, if he so desires.

Additionally, the above-captioned civil rights action was filed together with a Motion to Proceed in Forma Pauperis. The affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides:

A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

2

complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

Thus, Plaintiff must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Plaintiff in providing this information to the Court, the Finance Officer at Western Correctional Institution ("WCI") shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

A separate Order follows.

April 20, 2018　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　United States District Judge