IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN M. MOQUIN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-1107 |
| STEPHEN WISE, | * | |
| Defendant | * | |
| | *** | |

# MEMORANDUM

On April 16, 2018, plaintiff Nathan Moquin, a Maryland prisoner, filed a civil rights action against Stephen Wise, a former Maryland correctional officer at Eastern Correctional Institute ("ECI"). ECF 1 (the "Complaint"). Moquin alleges that Wise, now a federal prisoner, violated Moquin's rights by instructing inmates to stab Moquin in retaliation for a complaint that Moquin filed against Wise under the Prison Rape Elimination Act. ECF 1-2 (Statement of Claim).

Moquin filed the Complaint pro se. *See id.* In a Memorandum of April 20, 2018 (ECF 3), the Court noted that, given the unusual circumstances surrounding the case, this is a matter for which counsel may be appropriate. *Id.* at 2. The Court then issued an Order (ECF 4) that, among other things, gave plaintiff the opportunity to request counsel.

Plaintiff subsequently filed a motion for appointment of counsel. ECF 6. I granted that motion by Order of May 9, 2018. ECF 7. Gregory Hopper was appointed to serve as pro bono counsel on behalf of plaintiff. ECF 9.

As a result of the incident, Wise was charged in federal court with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and deprivation of rights under color of law, in violation of 18

U.S.C. § 242.[1] *See United States v. Wise*, Crim. No. JKB-16-484-09 (D. Md.); *see also* ECF 1-3 (letter from Department of Justice informing plaintiff of criminal proceedings and informing plaintiff that he has been identified as a victim of the crimes). Wise entered a plea of guilty to both counts on November 22, 2016, pursuant to a Plea Agreement. *Id.*[2]

The Plea Agreement included a Statement of Facts. In pertinent part, the Statement of Facts provided, JKB-16-484, ECF 358 at 11-12:

> 9. On July 31, 2016, while the Defendant [*i.e.*, Wise] was assigned to Housing Unit 2, the Defendant aided and abetted and induced co-defendant Shawn Sullivan, who was a leader of the Dead Man Incorporated (DMI) prison gang at ECI, and for whom the Defendant smuggled contraband into ECI in exchange for bribes, to assault N.M., an inmate who filed a Prison Rape Elimination Act (PREA) complaint against the Defendant that caused the Defendant to be removed from Housing Unit 2. . . . At the time the Defendant was removed from Housing Unit 2 he was smuggling contraband into the unit for, among other inmates, Shawn Sullivan, a leader of the DMI prison gang. Further, at the time he was removed from Housing Unit 2, the Defendant had been given approximately $1500 by Shawn Sullivan for contraband that he had not yet brought into the unit for Sullivan. After he was moved out of the Housing Unit, the Defendant told multiple inmates, including Shawn Sullivan, that N.M. had to be taken out of Housing Unit 2 before the Defendant could be reassigned back to the Housing Unit. As the Defendant knew, if an inmate is physically assaulted he is removed from a housing unit for their [sic] own safety. As the Defendant also knew inmates are not able to effect the transfer of an inmate out of a particular housing unit in any way short of assaulting them. On July 31, 2012, N.M. was assaulted, including being stabbed by several inmates who were members of the Cripps prison gang and who had been paid $500 to do so by Shawn Sullivan.
>
> 10. On or about July 31, 2016, the defendant acted under color of law. On that date, the Defendant deprived N.M., or caused N.M. to be deprived, of his right which is secured and protected by the Constitution and laws of the United States to be free of cruel and unusual punishment. The defendant acted willfully. The

---

[1] On September 29, 2016, a grand jury in the District of Maryland returned an indictment against 39 defendants, including Wise, with charges arising out of a racketeering enterprise at ECI. JKB-16-484-09, ECF 1.

[2] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, Wise's plea agreement (ECF 358, JKB-16-484) is part of the record in the criminal case. See JKB-16-484, ECF 358; ECF 502 at 8.

Defendant's conduct resulted in bodily injury to N.M.

Mr. Wise's sentencing was held on June 11, 2018.  JKB-16-484, ECF 1225.  Judge Bredar imposed a term of 52 months' imprisonment.  *Id.*, ECF 1231 (Judgment); *id.*, ECF 1232 (Statement of Reasons).  Wise is presently incarcerated in FCI Berlin.  *Id.*  And, he has served about 26 months of his 52-month sentence.  *Id.*

Plaintiff filed a motion for partial summary judgment on February 8, 2019. ECF 10. By Order of February 8, 2019, I denied the motion, without prejudice.  ECF 11. In the Order, I noted that the defendant had not yet been served, and therefore the motion was premature.  *Id.*  Further, I outlined the process to be followed for service, depending on whether the Maryland Attorney General's Office was agreeable to accepting service on behalf of defendant. *Id.*

On May 13, 2020, the docket still did not reflect service on the defendant. Therefore, by Order of May 13, 2020, I directed Assistant Attorney General Stephanie Lane-Weber to advise the Court whether she would accept service of the suit for the defendant.  ECF 13. By letter of June 2, 2020, Ms. Lane-Weber informed the Court that her office would not accept service for Mr. Wise. ECF 15.  Thereafter, on August 20, 2020, a summons return was executed, evidencing service on Mr. Wise on August 4, 2020.  ECF 21.

On August 13, 2020, defendant requested a 60-day extension of time to answer the Complaint.  ECF 19.  He asserted that the Office of the Maryland Attorney General was in the process of investigating whether it would represent him in this suit.  *Id.*  By Order of August 17, 2020, I granted defendant's request. ECF 20.  Then, by letter of September 25, 2020, docketed October 7, 2020, defendant informed the Court that he received notice from the Office of the Maryland Attorney General on September 23, 2020, advising that it would not represent him in this case.  ECF 22.

3

Thereafter, by letter of October 5, 2020, docketed October 13, 2020, defendant moved for appointment of counsel. ECF 24 (the "Motion"). In support of his request, defendant submitted his inmate account statements, which establish his indigency. ECF 25.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch*, 686 F. 2d at 266 ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)).

As noted in my Memorandum of April 20, 2018 (ECF 3), this case presents exceptional circumstances that warranted the appointment of counsel for plaintiff. He presented a colorable and serious Eighth Amendment claim. Further, the issues arising from this action are complex and may require extensive discovery.

The same considerations that led to the appointment of counsel for plaintiff now warrant the appointment of counsel for the defendant, who is also a prisoner in a serious Eighth Amendment case. And, as noted, the Office of the Maryland Attorney General has declined to represent him. The Court finds that exceptional circumstances warrant the appointment of counsel for defendant.

An Order follows.

Date:  October 22, 2020  _____/s/_____
  Ellen Lipton Hollander
  United States District Judge